PEARSON, Chief Judge.
The appellants as plaintiffs, sued the operators of a department store and the ap-pellee, Miami Elevator Company, as a result of injuries which occurred upon alighting from an elevator. This appeal is from a summary final judgment for the appellee, Miami Elevator Company. The allegation of negligence as to the Elevator Company is that “the defendant Miami Elevator Company was negligent and careless of [sic] the aforesaid maintenance resulting in serious and permanent injury to the plaintiff.” The pleadings, depositions, answers to interrogatories and admissions on file show that there was a written contract between appellee and the operators of the department store whereby the appellee undertook to maintain the mechanical condition of the elevator.
The trial court entered the summary judgment upon a finding as follows:
“The Court finds that a contract between a proprietor and a service contractor is not of benefit to a business invitee and the latter is not a party to such contract.”
Without discussing whether or not the finding of the trial court is correct as an abstract statement of law, we hold that it is not a sufficient basis for summary judgment in this case. The appellant as plaintiff has attempted to state a cause of action for negligence in the maintenance of the elevator. Such actions have been held to be maintainable by an injured member of the public against a party responsible by contract for the maintenance. Gallichio v. Corporate Group Service, Inc., Fla.App. 1969, 227 So.2d 519; see 26 Am.Jur.2d Elevators and Escalators § 17. Summary judgment for the defendant may be entered only upon a showing that the plaintiff cannot establish a prima facie case. The burden to make this showing is upon the movant. Matarese v. Leesburg Elks Club, Fla.App.1965, 171 So.2d 606.
The summary judgment is reversed and the cause remanded for further proceedings.
Reversed and remanded.