262 So.2d 17 (1972)
Jeanne K. SACHSE, a Minor, by Her Mother and Next Friend, Claire Sachse, and Claire Sachse, Individually, Appellants,
v.
TAMPA MUSIC CO., Inc., a Florida Corporation, and Arthur Smith Music Company, a Florida Corporation, Appellees.
No. 71-564.
District Court of Appeal of Florida, Second District.
May 10, 1972.
*18 Karl O. Koepke, of Whitaker & Koepke and Associates, Orlando, for appellants.
Douglas J. Loeffler of Fox, Burton, George & Loeffler, Clearwater, for appellee Tampa Music Co., Inc.
PIERCE, Chief Judge.
This appeal is from a final judgment dismissing appellants' Sixth Amended Complaint with prejudice as to Appellee-Defendant Tampa Music Co., Inc. The complaint was also dismissed as to the other defendant, Arthur Smith Music Company, the subject of a companion appeal, 262 So.2d 39.
Appellants alleged that while appellant Jeanne K. Sachse was a student at the University of South Florida her eardrums were seriously injured while playing an electric piano, sold by Arthur Smith Music Company in 1963 to the University of South Florida for the use of its students.
Allegations material to this appeal appear in Count VI. Count VII attempted to allege concurring negligence of Arthur Smith Music Company and Tampa Music Co., and since the complaint was dismissed as to Arthur Smith Music Company, this count was properly dismissed.
The pertinent portions of Count VI read as follows:
"26. That during October, 1963, the University of South Florida, in the County of Hillsborough, State of Florida, purchased a Wurlitzer Electric Piano for the use of its students; that beginning in 1965, the Defendant, TAMPA MUSIC COMPANY, was responsible for maintaining and servicing said piano under a service contract which made the Plaintiff a Third-Party beneficiary, a copy of which is not attached hereto and made a part hereof since the Plaintiff is a Third-Party beneficiary; and that by reason of this contract, the Defendant, TAMPA MUSIC COMPANY, had a duty to the Plaintiff to reasonably maintain, service and repair said electric piano and that the Defendant, TAMPA MUSIC CO., INC., a Florida corporation, did so negligently maintain, keep or service the said electric piano, in that they did fail to properly inspect said electric piano, that while the minor Plaintiff was using said piano on or about April 8, 1968, a shrill and screeching sound was produced as a result of defective capacitor, resistor or tube, which was transmitted through the earphones into the ears of the minor Plaintiff, causing serious and grievous personal injuries and damages to the minor Plaintiff as herein alleged; and the Defendant, TAMPA MUSIC COMPANY, knew or in the exercise of reasonable care should have known that individuals would be using said electric piano and *19 using earphones to hear sounds activated by said electric piano, and said Defendant had a duty to reasonably maintain, service or inspect said piano in such a manner to avoid injury and damages to potential users' eardrums and hearing; that such damage forms reasonable negligence if the piano was not reasonably serviced, maintained or repaired by said Defendant.
27. That during the year of 1967, the Defendant serviced said piano on January 19, April 25, July 26, and November 6; and during 1968, the Defendant serviced said piano on January 25, 1968, as per the above alleged service contract and thereby had a duty to the Plaintiff to reasonably inspect and test said piano. That the defect above-mentioned existed on the date of service and had the Defendant properly inspected and tested said piano, the defect would have been discovered; that the Defendant had a duty to warn the minor Plaintiff and other potential users of the said electric piano that a defective condition existed."
The Judgment of Dismissal failed to set forth specific grounds, but one of the grounds in Tampa Music Co.'s motion to dismiss was:
"That Plaintiff has failed to attach a copy of service contract as alleged in paragraph 26 or, in the alternative, to set forth with particularity the terms and conditions thereof in support of Plaintiff's conclusion that such a contract existed and to which the Plaintiff was a third party beneficiary."
Rule 1.130(a), RCP, 30 F.S.A. provides in part:
"All bonds, notes, bills of exchange, contracts, accounts or documents upon which action may be brought or defense made, or a copy thereof or a copy of the portions thereof material to the pleadings, shall be incorporated in or attached to the pleading..."
The object of the Rule is to apprise the defendant of the nature and extent of the cause of action so that he may plead with greater certainty, United States Rubber Products, Inc. v. Clark, Fla. 1941, 145 Fla. 631, 200 So. 385; Pleadings, § 37. In this case it was alleged that the contract was between defendant Tampa Music Company and another party, so if there was such a contract, Tampa Music Company must have had knowledge of it.
Failure to attach a copy of the instrument upon which the action is brought may result in dismissal of the case. But where the instrument is not within the pleader's possession or control, as alleged here, such failure to attach should not be fatal to the cause, 71 C.J.S., Pleading, §§ 372, 373; Harrington v. Hess Construction Company, 1963, 191 Kan. 416, 381 P.2d 519, and the pleader should be given an opportunity, by means of discovery proceedings, to establish the existence of the instrument. We feel that such a construction of the Rule is in line with the scope of the Rules of Civil Procedure as expressed in Rule 1.010, which reads in part: "These rules shall be construed to secure the just, speedy and inexpensive determination of every action."
While we have found no Florida case precisely on point, there is one case which tends to show that such post pleading, pretrial discovery methods as depositions, request for admissions and interrogatories can be used by the plaintiff to show that there was a maintenance contract between the defendant and another party. Gelman v. Miami Elevator Company, Fla. App. 1970, 242 So.2d 156.
We conclude that the complaint stated a cause of action under Florida's third party beneficiary rules, Gallichio v. Corporate Group Service, Inc., Fla.App. 1969, 227 So.2d 519; Hill v. United States Fidelity and Guaranty Company, U.S.C.A., 5th Cir.1970, 428 F.2d 112, and Count VI thereof should not have been dismissed.
*20 We have reviewed Tampa Music Co.'s motion to dismiss and find that its other grounds are without merit, except as to Count VII.
The Judgment of Dismissal is affirmed as to Count VII and reversed as to Count VI of the Sixth Amended Complaint, and the cause remanded for further proceedings.
Affirmed in part, reversed in part, and remanded.
LILES and McNULTY, JJ., concur.