SCHWARTZ, ALAN R, Associate Judge.
On the now dim and dark and distant day of April 8, 1968, a University of South Florida student named Jeanne K. Sachse was playing an electric piano sold to her school by the Tampa Music Co. Miss Sachse contends that her ear drums were injured on that day when a shrill and cacophonous sound was transmitted from the piano through the earphones she was wearing ; that the sound was caused by a defect or defects in the piano; and that the defect was negligently caused to exist or was negligently not discovered by the Tampa Music Co.
*786 In Sachse v. Tampa Music Co., Fla.App.1972, 262 So.2d 17, we reversed a final judgment which dismissed the Sixth (!) Amended Complaint in its entirety as against Tampa Music Co., holding that Count VI of that Complaint properly stated a cause of action on the stated theory that Tampa Music had, subsequent to the sale of the instrument, and pursuant to an agreement to do so, undertaken to inspect, maintain, and service the piano and had negligently failed properly to perform those duties. Eight months after remand —a period in which no one did much of anything in the lower court — Tampa Music finally filed an answer denying the existence of any such “service contract” as alleged. It then successfully moved for summary judgment in its favor, supported solely by an affidavit which demonstrated only that there had been no written service contract between Tampa Music and the University.
Since the defendant-movant did not affirmatively demonstrate at all — much less “conclusively,” as the law of Florida requires — the non-existence of any genuine issue as to the facts, found to be material in our prior opinion, of (a) an oral agreement between the defendant and the school and (b) the asserted negligence of Tampa Music in the repair and inspection of the piano, we reverse the summary judgment for Tampa Music upon the familiar authority of Holl v. Talcott, Fla. 1966, 191 So.2d 40. Despite the overlong, even tortuous history of this case, were are compelled to say, as Count Basie was importuned so often, “One More Time.” [1] May we express the hope, however, that this next time will be the last.
Reversed and remanded.
MANN, C. J., concurs with SCHWARTZ, ALAN R., Associate Judge, and files opinion.
BOARDMAN, J., dissents with opinion.

. The writer confesses to a momentary but suppressed urge to employ another musically-related cliche in the preparation of this opinion. The trouble is that, Woody Allen and the belief of countless thousands to the contrary notwithstanding, nobody in “Casablanca” ever actually said “Play it again, Sam.”