317 So.2d 85 (1975)
Mary McCLURKIN, Appellant,
v.
PARRISH VOLVO, INC., a Corporation, Appellee.
No. X-59.
District Court of Appeal of Florida, First District.
August 6, 1975.
Rehearing Denied September 11, 1975.
William H. Folsom, Jr., Powers, Folsom & Adams, Jacksonville, for appellant.
Ellis T. Fernandez, Jr., Hazard & Fernandez, Jacksonville, for appellee.
BOYER, Chief Judge.
We are here presented with a novel factual situation relative to construction or interpretation of Rule 1.130 RCP.
Appellant, plaintiff in the trial court, purchased a vehicle from appellee. Her attorney thereafter wrote a letter to appellee purporting to be a "notice of revocation" in which he enumerated in detail various alleged defects in the vehicle and various problems alleged to have been experienced incident to the operation thereof. Suit was thereafter filed "for revocation of acceptance with relief as provided in Florida Statute Chapter 672." Plaintiff attached a copy of the above mentioned letter to the complaint, marking same as an exhibit. The complaint contained an allegation that plaintiff had experienced "the problems listed in plaintiff's attorney's notice of breach of warranties letter * * * a copy of which is attached hereto and marked Plaintiff's Exhibit B". The defendant, appellee here, filed a motion to strike and a motion to dismiss. At the hearing the learned trial judge announced his intention to rule that the matters contained in the exhibit should have been pled in the complaint and that accordingly the motion to strike the exhibit would be granted and the complaint dismissed with leave to amend by reciting in the amended complaint those matters contained in the stricken exhibit. Plaintiff's attorney took the position that the attachment of the exhibit, to be considered as a part of the allegations of the complaint, was in accordance with Rule 1.130 RCP and stubbornly refused to amend the complaint, whereupon the trial judge entered the following order:
"This cause having come on to be heard after due notice on the motion of the defendant to dismiss and to strike and the court having heard argument of counsel and the court having announced its intention to rule that the matters contained in exhibit B should have been pled in the complaint and that, accordingly, exhibit B should be stricken and the complaint amended, and plaintiff's counsel having announced he did not wish leave to amend but preferred that, instead, any order of dismissal be with prejudice, it is upon consideration thereof
"ORDERED AND ADJUDGED that:
"Plaintiff's complaint and this cause of action be, and the same are hereby, dismissed with prejudice."
*86 Although it appears to us that the plaintiff would have been on safer grounds, much time and expense would have been saved and this appeal (which has been carefully and exhaustively briefed and argued) would have been rendered unnecessary had appellant's counsel followed the simple expediency of retyping his complaint, and setting forth therein the allegations of the stricken exhibit, nevertheless appellant's point has been preserved and properly presented to us, albeit expensively in time, money and judicial labors, and she is entitled under the laws of this State to have the point resolved by this Court.
The exact point here presented appears never to have been heretofore ruled upon by any appellate court in this State. Research reveals that there are numerous cases considering the effect of failure to attach exhibits and at least three cases[1] have dealt with the responsibility of the trial court to consider exhibits attached to the complaint. However, no case has been found directly passing upon the propriety of attaching exhibits containing relevant information but not constituting the basis of the cause of action.[2]
It is not contended by appellant that the stricken exhibit is the document forming the basis of a cause of action and therefore required to be attached pursuant to the first sentence of Rule 1.130(a) RCP; nor does appellee contend that the recitations in the stricken exhibit are irrelevant or immaterial. Further, apparently the trial judge did not consider those recitations to be immaterial or irrelevant otherwise he would not have announced his intention to rule that the matters should have been pled in the complaint.
Thus, the exact question presented is whether a plaintiff may set forth pertinent, relevant and material matters in an exhibit and then incorporate such matters in the complaint by attaching the exhibit and making reference thereto. We answer in the affirmative.
Although the above mentioned rule does not specifically provide for the attachment of such exhibits, neither does it specifically prohibit same. To permit such practice appears to us to be in keeping with the spirit and intent of modern pleading practices. It has been held that the object of the cited rule is to apprise the defendant of the nature and extent of the cause of action alleged so that such defendant may plead thereto with greater certainty.[3]
We do not here hold that impertinent, irrelevant or immaterial documents may be annexed to a complaint as an exhibit, nor do we hold that a trial court is without power to strike exhibits which contain, in addition to pertinent, relevant and material matters additional matters which are redundant, immaterial, impertinent or scandalous.[4]
Determining, as we do, that the exhibit was improperly stricken from the plaintiff's complaint and there being no contention that had the allegations of that exhibit been contained in the complaint, same *87 would have been fatally defective, it follows that dismissal was error.
Reversed and remanded for further proceedings consistent herewith.
MILLS, J., and MELVIN, WOODROW M., Associate Judge, concur.
NOTES
[1] Hunter v. Tyner, Sup.Ct.Fla. 1942, 151 Fla. 707, 10 So.2d 492; Dade County v. Harris, Sup.Ct.Fla. 1956, 90 So.2d 316; and Harry Pepper & Associates, Inc. v. Lasseter, Fla. App.3rd 1971, 247 So.2d 736.
[2] Please see first sentence of Rule 1.130(a) RCP.
[3] United States Rubber Products v. Clark, Sup.Ct.Fla. 1941, 145 Fla. 631, 200 So. 385; Sachse v. Tampa Music Co., Fla.App. 2nd 1972, 262 So.2d 17, appeal after remand 289 So.2d 785.
[4] Rule 1.140(f) RCP.