BASKIN, Judge.
George Hidalgo appeals an Order Dismissing Complaint With Prejudice and Denying Motion for Leave to Amend. His suit was predicated upon a contract in which he and another person[1] agreed to purchase fifty percent of the stock of Jardree Enterprises, Inc. in exchange for an agreement to pay half the future costs with a period of seven months allowed for the exercise of certain options. An addendum to the original agreement provided that the buyer’s option to purchase the remaining stock would be extended for a period of one year:
*937 In the event that at any time subsequent to the closing and after the Purchasers have paid $80,000.00 a bona fide 3rd party shall offer to buy all or any part of the project which the sellers wish to accept, they shall notify purchasers of said offer and the purchasers shall thereafter have 15 days to:
a) Accept 20,000 profit and a return of the 80,000 investment; purchaser shall thereafter have no interest in the project, return any stock issued and the parties shall mutually release one another; or
b) Remain 25% owners of the stock and agree that seller is under no obligation to return the initial 80,000 payment of purchasers. In such event, the Purchasers option to purchase the remaining 25% of the stock will be extended to one year from date of closing or upon the issuance of a permanent mortgage commitment, whichever earlier occurs. Such option being exercisable by buyers at any time thereto, (emphasis supplied).
Two years after the contract was executed, the corporation sold property it owned to Mr. and Mrs. Murphy. Four years after the agreement was executed, appellant Hidalgo sued contending he was entitled to the return of his investment and a profit of $10,000.[2] His action was predicated upon allegations of breach of contract and tortious interference by the Murphys with his business relationship under the contract. We affirm the trial court’s dismissal and denial of the motion to amend.
Insofar as the breach of contract action is concerned, the contract, which was attached to the complaint as an exhibit pursuant to Florida Rule of Civil Procedure 1.130(a), became a part of the pleading. McClurkin v. Parrish Volvo, Inc., 317 So.2d 85 (Fla.1st DCA 1975). When read as a whole, see Mount Vernon Fire Insurance Co. v. Editorial America, S.A., 374 So.2d 1072 (Fla.3d DCA 1979), the contract clearly indicates its intent that the return of appellant’s investment was required to be sought within the seven-month period, not “at any time”. The interpretation sought by appellant lacks time limitations and is unreasonable.
Appellant contends the Murphys induced appellees Claude Dorsy, Roger Bridges, and Jardree Enterprises, Inc. to breach the contract by entering into an agreement to purchase the assets of the corporation and that the result of this agreement was that appellant could not be compensated according to the terms of the contract. These circumstances do not provide an action for tortious interference with a contractual relationship. See Nitzberg v. Zalesky, 370 So.2d 389 (Fla.3d DCA 1979).
The remaining allegations concerning stockholders’ derivative actions were abandoned by appellant.
Since it appears that appellant could not reframe the complaint to state a cause of action,[3] the court correctly denied his Motion for Leave to Amend. Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So.2d 366 (1942); Wolfson v. Moye, 214 So.2d 629 (Fla.3d DCA 1968).
Affirmed.

. The other purchaser, Anthony Balzebre, is not a party to this suit.

. The $10,000 amount seems to be based on half the $20,000 profit-taking option provided for in the contract.

. The complaint at issue is an amended complaint. This was appellant’s second attempt to frame a complaint sufficient to withstand a motion to dismiss.