JOANOS, Judge.
This appeal is from the dismissal with prejudice of Amikers’ complaint against Mid-Century Insurance Company [“Mid-Century”]. Essentially, the only ground for the dismissal was the Amikers’ failure to amend the complaint to include a copy of the insurance policy on which their cause of action was based. The Amikers’ have argued that a dismissal with prejudice was inappropriate considering the allegations made in the complaint and the stage of the proceedings, and we agree.
The Amikers’ complaint alleged that an agent for Mid-Century and the Amikers entered into an agreement where for consideration, Mid-Century would provide the Amikers with automobile liability insurance (specifically, uninsured motorist coverage.) According to the complaint, Mrs. Amiker suffered injuries as a passenger in an automobile involved in a collision between uninsured motorists. The Amikers alleged that Mrs. Amikers’ injuries were compensable under the terms of the policy but Mid-Century had refused demands for payment. The complaint set forth the policy number, the policy period, the type of coverage, and the limits of liability. Although a copy of the policy was not attached to the complaint, the Amikers alleged that despite repeated requests, Mid-Century had refused *975 to deliver a copy of the policy to the Ami-kers. In addition, the complaint alleged that the policy was available to Mid-Century and that when produced by Mid-Century it would be incorporated into the complaint by reference.
Mid-Century responded to the complaint by filing a motion to dismiss on the ground that the complaint failed to state a cause of action because no copy of the insurance policy or application for insurance was attached to the complaint.[1] While a decision on the motion was pending, the Amikers sent interrogatories and requested Mid-Century to produce a copy of the insurance policy and other related documents. The record does not reflect any response by Mid-Century to the Amikers’ request for production of the policy, although Mid-Century did file a response to the interrogatories the day after the court granted the motion to dismiss with 10 days leave to amend. The Amikers did not amend but instead filed a motion for rehearing in which they stated that neither a copy of the policy nor the application was in their possession to enable compliance with the court’s order to amend and that Mid-Century had refused to furnish the Amikers with a copy of the policy.[2] After hearing on this motion the court ordered that the complaint be dismissed with prejudice on consideration of “plaintiff’s counsel having advised the court that he does not desire to amend the complaint.”
Mid-Century urges that dismissal with prejudice was appropriate because Rule 1.130(a) of the Florida Rules of Civil Procedure requires material portions of the contract upon which the action is brought to be incorporated in or attached to the pleading. As pointed out by the Second District Court of Appeal in Sachse v. Tampa Music Co., 262 So.2d 17 (Fla.2d DCA 1972), the object of this rule is to apprise the defendant of the nature and extent of the cause of action so that the defendant may plead with greater certainty. The court refused to apply the rule, however, to justify dismissal of a count for failure to attach a copy of the contract where the complaint alleged that the defendant was a party to the contract and that the contract was not in the pleader’s possession. Under these circumstances, stated the court, the pleader should be given an opportunity to establish the contract’s existence by discovery. See also Parkway General Hospital v. Allstate Insurance Co., 393 So.2d 1171 (Fla.3d DCA 1981).
We agree with both the result and reasoning of the Sachse court concerning the proper application of Rule 1.130(a). That rule must be read in conjunction with Rule 1.010, which states that the Florida Rules of Civil Procedure “shall be construed to secure the just, speedy and inexpensive determination of every action.” Dismissal of a complaint, particularly dismissal with prejudice, is a severe sanction to impose and certainly an unjust sanction where it results from actions beyond the pleader’s control. In this case, the Amikers could not attach to the complaint what they did not have. They had initiated discovery proceedings intended to provide them with a copy of the policy or to lead them to other information proving the existence and contents of the policy. Although the trial judge initially dismissed the complaint with 10 days leave to amend, the Amikers’ ability to amend the complaint was directly tied to their success in obtaining a copy of the policy from Mid-Century. When the complaint was later dismissed with prejudice for failure to amend, Mid-Century had not even responded to the Amikers’ motion to produce, a *976 copy of the insurance policy or other related documents. Such a strict interpretation of Rule 1.130 could effectively foreclose any cause of action based upon a contract where the pleader did not have possession of the contract. The other party to the contract could move to dismiss the complaint for failure to comply with Rule 1.130 then merely refuse or inadequately respond to any discovery attempts while sardonically watching the pleader’s futile “leave to amend” slip away. Such a result was not intended under Rule 1.130, and the trial court erred by not allowing the Amikers full use of discovery to ascertain the material provisions of the policy or to obtain a copy of the policy.
We further note that Rule 1.130(a) does not require attachment of the entire contract, only attachment or incorporation of the contract’s material provisions. Thus, even if the Amikers fail to obtain a copy of the policy through discovery, they may be able to procure sufficient information about the policy’s contents to adequately allege the material provisions in an amended complaint.
REVERSED and REMANDED for proceedings consistent with this opinion.
ERVIN and BOOTH, JJ., concur.

. As a second ground for dismissal, Mid-Century also stated that the “bald statement” that the vehicles were uninsured was insufficient. Mid-Century does not argue on appeal that this assertion is supportive of the court’s ultimate dismissal of the complaint.

. The Amikers also advised the court that they had furnished Mid-Century with a binder and a receipt for payment on the policy. Beyond this assertion, there is no record evidence of the existence of either a binder or a payment receipt. Being outside the record and outside the allegations of the complaint, we cannot consider their effect, if any, on the complaint’s dismissal.