PER CURIAM.
Hyman appeals from a dismissal with prejudice of a third party counterclaim for failure to state a cause of action. We reverse and remand.
The City of Miami contracted with a developer, MCA, to design and construct a parking garage which was to form the base of a multi-story office building. The contract provided for MCA to be responsible for all the work and to employ architects, engineers and contractors at its own expense. In turn, MCA contracted with the George Hyman Construction Company to construct the garage.
The City and MCA amended their contract in what was called “Change Order No. 1.” Change Order No. 1 provided, inter alia, for the disbursement of the construction funds by checks jointly payable to MCA and Hyman. Change Order No. 1 also provided that if the City/MCA contract was terminated or the developer defaulted, then the City would pay Hyman directly. The City, MCA and Hyman were all signatories of Change Order No. 1.
Thereafter, Hyman completed the garage and the City accepted delivery, took occupancy and started operations. A balance of $518,238 remained due to Hyman on the construction contract between MCA and the City. During the construction of the office building disputes arose and the City was sued for damages. The City then filed a third party complaint against MCA and Hyman. Hyman counterclaimed against the City to recover the balance owed on the contract. The City moved to dismiss the counterclaim for failure to state a cause of action. The court granted the City’s motion and Hyman appeals.
Hyman’s counterclaim raised three counts against the City. (1) breach of an express contract, (2) breach of a third party beneficiary contract, and, (3) breach of a fiduciary duty. Hyman’s counterclaim also alleged facts to support its contentions that the City had breached its duty to Hyman under each of the theories, thereby causing Hyman injury.
The City contends: (1) that Hyman has no express, written contract with the City and, therefore, no cause of action because the change order is not a contract between the City and Hyman; (2) that the change order lacks mutuality of obligation since the City does not have any contractual privity to compel Hyman to perform; and (3) that since there is no express contract, both counts II and III are barred by sovereign immunity.
We find that: (1) Count I of the counterclaim alleged sufficient facts to support a cause of action for breach of an express contract, to wit: that MCA and the City had entered into a contract, that the City had executed “Change Order No. 1,” which provided for payment from the City to Hyman, to induce Hyman to enter into a contract with MCA, and that the City had breached that provision; (2) Count II alleged sufficient facts to support a cause of action for breach of a third party beneficiary contract since it maintained that Hy-man was the beneficiary of the change order between the City and MCA; (3) Count III alleged sufficient facts to support a cause of action for breach of a fiduciary duty by the City for failing to properly disburse the funds which it held for the benefit of Hyman. Therefore, the City’s claim of sovereign immunity is without merit. For the purpose of considering a motion to dismiss, Hyman’s allegations must be assumed to be true. Hochman v. Lazarus Homes Corporation, 324 So.2d 205 (Fla. 3d DCA 1976). Reversed and *514 remanded for proceedings not inconsistent with this opinion.