WEBSTER, Judge,
dissenting.
Appellant challenges disciplinary action taken against him. More particularly, he alleges that he was deprived of his right to procedural due process of law in a number of respects during the disciplinary hearing. *798 The petition, itself, contains precious little in the way of facts to support that legal conclusion. However, the petition has attached to it some 41 pages of exhibits. As I read those documents, which are referred to in the petition, they clearly supply the factual allegations which the majority finds wanting from a reading of the petition, alone. See Fla. R. Civ. P. 1.130(b) (“Any exhibit attached to a pleading shall be considered a part thereof for all purposes”); McClurkin v. Parrish Volvo, Inc., 317 So.2d 85 (Fla. 1st DCA 1975) (pursuant to Florida Rule of Civil Procedure 1.130, plaintiff may set forth matters in exhibit, and then incorporate matters in complaint by attaching exhibit and making reference to it). Without any particular difficulty, I am able to glean from the exhibits factual allegations to support the following claimed procedural violations: that the investigation and subsequent hearings which resulted in the disciplinary action were untimely; that the disciplinary report improperly charged more than one infraction; that the disciplinary report does not state the date, time and place of the alleged infraction; that the disciplinary team chair was biased because she had conducted her own investigation; that requested witnesses were not called, or their statements made a part of the record; and that statements were used when witnesses were available to testify.
It seems to me that, when the petition is read together with the exhibits attached to it, there are sufficient factual allegations to withstand dismissal for legal insufficiency. Accordingly, I would reverse and remand, with directions that the trial court issue an alternative writ of mandamus, as required by Florida Rule of Civil Procedure 1.630(d)(3). Because the majority affirms the dismissal of appellant’s petition, I dissent.