698 So.2d 907 (1997)
Douglas A. CHARITY, Appellant,
v.
The BOARD OF REGENTS OF THE DIVISION OF UNIVERSITIES OF THE FLORIDA DEPARTMENT OF EDUCATION, and the Florida State University, Appellees.
No. 96-2857.
District Court of Appeal of Florida, First District.
September 3, 1997.
Rex D. Ware and Vikki R. Shirley of Huey, Guilday & Tucker, P.A., Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Susan P. Stephens, Assistant Attorney General, Tallahassee, for Appellees.
PER CURIAM.
This cause is before us on appeal from the trial court's order dismissing Appellant's cause of action. Appellant, a graduate student at Florida State University, brought an action against Appellees for an alleged breach of contract arising out of Appellees' decision to not approve Appellant's further study toward his doctorate degree. Appellees moved to dismiss based on sovereign immunity, a doctrine that prevents suit in the absence of an express written contract between the parties. Pan-Am Tobacco Corp. v. D.O.C., 471 So.2d 4, 6 (Fla.1984). The trial court dismissed the cause, finding "there is no express contract between the parties."
Appellant contends that sovereign immunity is not an appropriate consideration on the motion to dismiss because it is an affirmative defense. We reject that contention and hold that failure to allege the existence of an express written contract was properly considered on the motion to dismiss.[1] *908 We also hold that the trial court properly dismissed the complaint because it failed to allege an express written contract. Pan-Am Tobacco Corp., supra; Rabon v. Inn of Lake City, Inc., 693 So.2d 1126, 1131 (Fla. 1st DCA 1997); see, e.g., George Hyman Constr. Co. v. City of Miami, 545 So.2d 512 (Fla. 3d DCA), rev. denied, 553 So.2d 1164 (Fla.1989).
Accordingly, we affirm the trial court's order, but remand the case for the court's determination of whether Appellant is entitled to further amend his complaint. Fla. R. Civ. P. 1.190(a).
BOOTH, WOLF and VAN NORTWICK, JJ., concur.
NOTES
[1] Sovereign immunity relates to the jurisdiction of the court and may be raised at any time. Department of Highway Safety and Motor Vehicles v. Kropff, 491 So.2d 1252, 1254 n. 1(Fla. 3d DCA 1986). See, e.g., Southern Roadbuilders, Inc. v. Lee County, 495 So.2d 189 (Fla. 2d DCA 1986)(appellate court affirms trial court's dismissal based on sovereign immunity), rev. denied, 504 So.2d 768 (Fla.1987); Neumann v. Davis Water and Waste, Inc., 433 So.2d 559, 561-63 (Fla. 2d DCA)(appellate court affirms motion to dismiss granted by trial court based on sovereign immunity), rev. denied, 441 So.2d 632 (Fla.1983).