866 So.2d 153 (2004)
WAITE DEVELOPMENT, INC., and Douglas A. Webster and Jolynda H. Webster, husband and wife, Appellants,
v.
CITY OF MILTON, Appellee.
No. 1D02-3315.
District Court of Appeal of Florida, First District.
February 19, 2004.
*154 Jesse W. Rigby and Stacey H. Allen, of Clark, Partington, Hart, Larry, Bond & Stackhouse, Pensacola, for Appellants.
Roy V. Andrews, of Lindsay, Andrews, & Leonard, P.A., Milton, for Appellee.
PER CURIAM.
In early 1990, the appellants owned land which was outside the city limits of the City of Milton (City). In a Petition for Voluntary Annexation dated March 13, 1990, the appellants requested the City to adopt an ordinance annexing the property. The petition asserted the property was contiguous to the municipality and that the owners agreed to develop the property into a subdivision which would comply with all provisions of Florida Statutes, Santa Rosa County ordinances and City of Milton ordinances. The petition also stated:
3. The petitioners understand that the City of Milton will provide, as construction of the subdivision roads are completed, water, sewer, and natural gas trunk or primary lines to the lot line of each lot, and shall make available water, sewer and natural gas to the lot owners upon payment of the then established tap-on fee for each service, and the applicable rates for said services.
The City then passed Ordinance No. 841 on April 10, 1990, which provided in part:
Pursuant to Chapter 171.044 of the Florida Statutes, and pursuant to a Petition for Voluntary Annexation signed by owners of the hereinafter described real estate, the City Council of the City of Milton, Florida, hereby annexes the following described lands [property description omitted, but the same as that in the Petition for Annexation dated March 13, 1990] and the boundary lines of the City of Milton are hereby redefined to include said property.
The property owned by the appellants was developed in two phases. When phase one was developed, the City constructed the water, sewer and gas lines. The appellants were prepared to develop phase two in 1998.[1] Prior to that time, the City enacted a comprehensive land use ordinance that prohibited the City from paying the cost of such infrastructure as the water, sewer and gas lines for a private developer developing a subdivision. The City informed the appellants that it would not install the water and sewer lines in phase two of the development.
The appellants then filed suit against the City alleging breach of contract. The appellants asserted that the Voluntary Petition for Annexation and the subsequent annexation referencing the Voluntary Petition constituted a valid and binding contract. The appellants also alleged equitable estoppel. The City filed a motion to dismiss the complaint, arguing the action was barred by the doctrine of sovereign immunity because there was no express written agreement. The City argued that the alleged contract was void and unenforceable because it would create a liability which could not be quantified and would constitute a pledge of credit and expenditure of funds for a private purpose, in violation of Article VII, section 10 of the Florida Constitution. The City also argued the alleged contract was ultra vires, *155 unlawful, void, and unenforceable in that it would be a violation of section 166.241, Florida Statutes, and section 45 of the Charter of the City.
The trial judge found that the issue of whether the contract was void may be the subject of an affirmative defense, but was not the proper subject of a motion to dismiss. The trial judge granted the City's motion to dismiss, however, with prejudice. The order provides:
The Plaintiff in this case seeks to have the Petition for Annexation and the subsequent annexation ordinance construed as a written contract. The Court finds that there is no express written contract alleged in the Complaint, nor does the Complaint allege that the City of Milton had authority to enter into any such express, written contract. There being no express written contract, the City of Milton, a Political Subdivision of the State of Florida, may raise sovereign immunity as a bar to the Complaint by the Plaintiffs. The Court finds that the State of Florida has not waived sovereign immunity and under the holding of the Florida Supreme Court in Pan-Am Tobacco Corporation v. Department of Corrections, [471 So.2d 4 (Fla.1984)], sovereign immunity is waived only where there is an express written contract.
We conclude the trial judge erred in determining that there was no express written contract alleged in the complaint.
A contract implied in fact is one form of an enforceable contract; it is based on a tacit promise, one that is inferred in whole or in part from the parties' conduct, not solely from their words. 17 Am.Jur.2d "Contracts" § 3 (1964); 1 Arthur Linton Corbin, Corbin on Contracts §§ 1.18-1.20 (Joseph M. Perillo ed.1993). Where an agreement is arrived at by words, oral or written, the contract is said to be "express." 17 Am.Jur.2d "Contracts" at § 3.
Commerce Partnership 8098 Limited Partnership v. Equity Contracting Company, Inc., 695 So.2d 383, 385 (Fla. 4th DCA 1997). Several writings may constitute a valid and binding written contract when they evidence a complete meeting of the minds of the parties and an agreement upon the terms and conditions of the contract. Maas Bros., Inc. v. Dickinson, 195 So.2d 193 (Fla.1967); Edgewater Beach Corp. v. Sugarman, 153 Fla. 555, 15 So.2d 260 (1943); 11 Fla. Jur.2d, Contracts § 98. The complaint also sufficiently alleged the authority of the City to enter into such a contract. The appealed order is therefore reversed, and the case is remanded for further proceedings.
REVERSED and REMANDED.
BOOTH, BARFIELD, and ALLEN, JJ., concur.
NOTES
[1] Although the record is not completely clear on this point, we assume that the real property to be developed in phase two, or at least a portion thereof, was included within the description set forth in the petition and ordinance.