401 So.2d 1129 (1981)
SAFECO INSURANCE COMPANY OF AMERICA, a Corporation, Appellant,
v.
Lawrence Aaron WARE, Appellee.
No. 80-2119.
District Court of Appeal of Florida, Fourth District.
July 1, 1981.
Rehearing Denied August 26, 1981.
*1130 Michael B. Davis of Walton, Lantaff, Schroeder & Carson, West Palm Beach, for appellant.
K. Jack Breiden of Law Office of E. Louis Fields, P.A., Fort Lauderdale, for appellee.
DOWNEY, Judge.
The trial court struck as frivolous appellant's motion to dismiss, which was directed to appellee's complaint, and entered a default judgment against appellant. This appeal involves the propriety of that judgment.
Appellee sued appellant and others for damages arising out of an automobile accident. Appellant initially moved for an enlargement of time within which to plead. While that motion was pending, but as yet unheard because of calendar problems, appellant filed a motion to dismiss or abate the action, essentially contending that the cause of action against appellant was based upon an insurance contract which, according to the allegations of the complaint, was not attached to the complaint because the policy was in the exclusive possession of the appellant. The motion states that appellant has furnished appellee a certified copy of the policy and suggests appellee should be required to attach to the complaint the policy he relies upon. Thereafter appellee filed a motion for final default judgment against appellant, contending that the motion to dismiss was a sham and frivolous and should be stricken and final default judgment entered. Appellant subsequently filed a motion attacking appellee's complaint on various grounds.
In due course, a hearing was had on all of the pending motions; after the hearing the trial court struck appellant's motion to dismiss as frivolous and entered a final default judgment against appellant.
Florida Rule of Civil Procedure 1.130 provides that contracts "upon which action may be brought or defense made" or copies thereof "shall be incorporated in or attached to the pleading." One of the ways to reach a failure to attach a necessary exhibit is by motion to dismiss. Trawick, Florida Practice & Procedure § 6-15 (1980). Of course, if a pleader states that he does not have a copy of the writing involved, then he should obtain a copy thereof through discovery or otherwise and attach it to the appropriate pleading by amendment. See Meadows v. Edwards, 82 So.2d 733 (Fla. 1955). In the case of a complaint based on a written instrument it does not state a cause of action until the instrument or an adequate portion thereof is attached to or incorporated in the pleading in question. Trawick, supra. In the present case the appellant furnished appellee with a certified *1131 copy of the policy and then moved to have the court require appellee to attach the policy or suffer dismissal of the complaint.
In view of the foregoing the appellant's motion to dismiss was not frivolous; it was perfectly appropriate. Therefore, the order striking the motion and entering default judgment was erroneous. For this reason the judgment appealed from is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
BERANEK and GLICKSTEIN, JJ., concur.