566 So.2d 885 (1990)
JEFF-RAY CORPORATION, Appellant,
v.
James Cary JACOBSON, Bruce M. Gottlieb and Mary E. Jacobson, Appellees.
Nos. 88-2594, 88-3363.
District Court of Appeal of Florida, Fourth District.
September 12, 1990.
Oliver Addison Parker of Law Office of Oliver Addison Parker, Fort Lauderdale, for appellant.
Charles A. Finkel of Jacobson and Associates, Hollywood, for appellees.
PER CURIAM.
We reverse the final summary judgment entered in favor of the plaintiffs in this mortgage foreclosure. The appellant made an unrebutted showing that it did not receive notice of the summary judgment motion or hearing until receipt of the judgment itself. It was an abuse of discretion for the trial court to deny appellant's motion for relief and rehearing. The appellant has shown the likelihood that substantial prejudice may occur if not allowed to rebut and show misrepresentation or mistake in the amount due, which is substantially at variance with the defendant's claimed amortization.
*886 We recognize that an apparent prior lack of diligence in the defense may have influenced the trial court decision on the motion for rehearing. However, in the absence of findings or any rebuttal of the appellant's affidavits, the motion for rehearing should have been granted. We note that the defendants' motion was filed immediately upon receipt of the court order. Cf. Zimmerman v. Vinylgrain Indus., 464 So.2d 1353 (Fla. 1st DCA 1985); Lacore v. Giralda Bake Shop, Inc., 407 So.2d 275 (Fla. 3d DCA 1981). See also Okeechobee Ins. Agency, Inc. v. Barnett Bank, 434 So.2d 334 (Fla. 4th DCA 1983).
We also reverse and remand on the second point raised by appellant; that is, that the trial court erred in denying defendant's March 9, 1988, motion to dismiss for failure to state a cause of action. Appellees' complaint for mortgage foreclosure was filed on January 4, 1988, and alleged an assignment of the subject mortgage to them in 1986. However, it was not attached to the complaint. When the alleged assignment was finally produced, it was dated April 18, 1988, some four months after the lawsuit was filed.
Our opinion in Safeco Insurance Co. v. Ware, 401 So.2d 1129 (Fla. 4th DCA 1981), would support dismissal of the action based on failure to comply with Florida Rule of Civil Procedure 1.130. Given the scenario before us, appellees' complaint could not have stated a cause of action at the time it was filed, based on a document that did not exist until some four months later. Marianna & B.R. Co. v. Maund, 62 Fla. 538, 56 So. 670 (Fla. 1911). If appellees intend to proceed on the April 18, 1988, assignment, they must file a new complaint.
Therefore, the final summary judgment is reversed and remanded for further proceedings in accordance with this opinion.
ANSTEAD and POLEN, JJ., concur.
STONE, J., concurs in part and dissents in part with opinion.
STONE, Judge, concurring in part and dissenting in part.
I concur in reversing the order denying appellant's motion for relief and rehearing for the reasons stated in the majority opinion. As to the second point discussed in the majority opinion and as to all other issues raised on appeal, I would affirm.