771 So.2d 1210 (2000)
HARTFORD INSURANCE COMPANY OF THE SOUTHEAST, Appellant,
v.
ST. MARY'S HOSPITAL, INC. and Roman Garcia, Appellees.
Nos. 4D00-9, 4D00-689 and 4D00-1574.
District Court of Appeal of Florida, Fourth District.
October 25, 2000.
Rehearing Denied December 14, 2000.
*1211 Richard A. Sherman and Rosemary B. Wilder of Richard A. Sherman, P.A., Fort Lauderdale and Tracy Starasoler of Law Offices of Alan L. Landsberg, Hollywood, for appellant.
Wendy Ennis-Volcy of Alan M. Fisher, P.A., Miami, for Appellee-St. Mary's Hospital, Inc.
PER CURIAM.
Hartford Insurance Company appeals a final summary judgment rendered in favor of St. Mary's Hospital, Inc. We reverse the court's decision and remand with instructions to enter final summary judgment in favor of Hartford Insurance Company.
On December 25, 1993, an insured of Hartford Insurance Company (Hartford), was in an automobile accident with a bicyclist claiming to be Roman Garcia. Garcia was taken from the scene of the accident to St. Mary's Hospital (St. Mary's) where he was admitted as John Doe. Upon admission, a St. Mary's employee signed a Patient Consent and Authorization Form on behalf of John Doe and indicated that the patient was unable to sign due to "condition." The form included a provision for an assignment of personal injury protection (PIP) benefits. John Doe later identified himself to hospital staff as the bicyclist, Roman Garcia, who was hit by an automobile. St. Mary's records do not indicate that Garcia personally signed any forms authorizing an assignment of his PIP benefits to St. Mary's.
When Garcia failed to make any payments on his medical or hospital bills, St. Mary's requested that Hartford pay St. Mary's the PIP benefits that Garcia was allegedly entitled to. Hartford refused to pay St. Mary's any PIP benefits. St. Mary's filed this suit against Garcia and Hartford for the cost of hospital services. The trial court dismissed Garcia from the suit, because he was never located or served as a defendant.
In its complaint, St. Mary's alleged that Garcia did not own a motor vehicle[1] and he was entitled to PIP benefits under the contract Hartford had with the motorist who injured Garcia and that St. Mary's is entitled to the benefits available as a result of the hospital lien law and an assignment.
Hartford filed a motion for summary judgment arguing that Garcia never assigned St. Mary's his alleged right to PIP benefits. The trial court denied the motion. St. Mary's then filed its own motion for summary judgment. The trial court decided that St. Mary's had been assigned a right to Garcia's PIP benefits and granted an amended final summary judgment on behalf of St. Mary's, awarding $16,366.04 in damages. Hartford appeals the trial court's final summary judgment on behalf of St. Mary's and the trial court's denial of Hartford's motion for summary judgment.
St. Mary's assertions that it can recover based on the hospital lien law is unavailing. Chapter 57-1688, Laws of Florida (1957), commonly known as the "Palm Beach County Hospital Lien Law," provides in part:
Every individual, partnership, firm, association, corporation, institution and governmental unit, and every combination of any of the foregoing, operating a public hospital in Palm Beach County, Florida, shall be entitled to a lien for all reasonable charges for hospital care, *1212 treatment and maintenance of ill or injured persons upon any and all causes of action, suits, claims, counterclaims and demands accruing to the persons to whom such care, treatment or maintenance are furnished, or accruing to the legal representatives of such persons, and upon all judgments, settlements and settlement agreements rendered or entered into by virtue thereof, on account of illness or injuries giving rise to such causes of action, suits, claims, counterclaims, demands, judgment, settlement or settlement agreement and which necessitate or shall have necessitated such hospital care, treatment and maintenance.
(emphasis added). The hospital lien law is not applicable in this case because St. Mary's has not sought a lien on a cause of action, suit, claim or demand accruing to Garcia or on a judgment or settlement rendered on behalf of Garcia. Garcia has not claimed any right to benefits under Hartford's insurance contract with the insured motorist. Additionally, although Garcia was named as a defendant in this suit, he was dismissed from the case by the trial court.
Courts have recognized that medical service providers can assert claims for PIP benefits against insurers when an insured has assigned them the right to the benefits. See Parkway Gen. Hosp., Inc. v. Allstate Ins. Co., 393 So.2d 1171, 1172 (Fla. 3d DCA 1981). See also Fortune Ins. Co. v. Everglades Diagnostics Inc., 721 So.2d 384 (Fla. 4th DCA 1998); Orion Ins. Co. v. Magnetic Imaging Sys. I, 696 So.2d 475 (Fla. 3d DCA 1997), distinguished on other grounds, Delta Cas. Co. v. Pinnacle Medical, Inc., 753 So.2d 55 (Fla.2000).
The only evidence St. Mary's presented on the issue of whether there was an assignment was the Patient Consent and Authorization Form which was signed by a St. Mary's employee and included a provision for an assignment of PIP benefits from the patient to St. Mary's. This form is insufficient to constitute an assignment, as it was not signed by Garcia. Garcia did not countersign an invoice, bill or claim form, as required for an enforceable assignment pursuant to Florida's No Fault laws, section 627.736(5)(a), Florida Statutes (1999), nor did he sign any other written assignment of right to benefits. Section 627.736(5)(a), provides:
Any physician, hospital, clinic, or other person or institution lawfully rendering treatment to an injured person for a bodily injury covered by personal injury protection insurance may charge only a reasonable amount for the products, services, and accommodations rendered, and the insurer providing such coverage may pay for such charges directly to such person or institution lawfully rendering such treatment, if the insured receiving such treatment or his or her guardian has countersigned the invoice, bill, or claim form approved by the Department of Insurance upon which such charges are to be paid for as having actually been rendered, to the best knowledge of the insured or his or her guardian.

(emphasis added).
If there are no issues of material fact, the correctness of a summary judgment is reviewed as a question of law. See Holl v. Talcott, 191 So.2d 40 (Fla.1966). Without any evidence that Garcia assigned his right to PIP benefits to St. Mary's, there is no genuine issue of material fact concerning whether there was an assignment. Therefore, St. Mary's does not have standing to bring suit against Hartford, pursuant to Florida's No Fault laws or the insurance contract between Hartford and the insured motorist. Accordingly, we reverse the final summary judgment entered on behalf of St. Mary's and remand with instructions to enter final summary judgment on behalf of Hartford.
WARNER, C.J., DELL and HAZOURI, JJ., concur.
NOTES
[1] The only evidence St. Mary's provided the trial court on this allegation was a report from the Florida Department of Motor Vehicles indicating that a vehicle had not been registered or a driver's license issued in the past seven years to a Roman Garcia with the social security number provided by St. Mary's.