DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT J. HANOPOLE, D.C., P.A.,** a/a/o **NATALIA BUSTAMANTE,**
Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Appellee.

No. 4D21-1019

[August 10, 2022]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Robert W. Lee, Judge; L.T. Case No. COCE20-027093.

John C. Daly and Christina M. Kalin of Daly & Barber, P.A., Plantation, for appellant.

Marcy Levine Aldrich and Nancy A. Copperthwaite of Akerman LLP, Miami, for appellee.

GERBER, J.

In this personal injury protection ("PIP") action, the provider—to whom the insured allegedly assigned her PIP benefits—appeals from the county court's order dismissing the provider's action with prejudice. The county court dismissed the provider's action because the provider had failed to attach to its complaint a copy of the insured's alleged written assignment of benefits. The provider argues no such requirement exists. We agree with the provider and therefore reverse.

### *Procedural History*

The provider filed a one-count complaint against the insurer for breach of contract based on the insurer's non-payment of the insured's medical bills. Regarding the provider's standing to file suit in the insured's shoes, the provider pertinently alleged:

> [The insured] *equitably assigned to [the provider] and/or also executed a written assignment* of … certain benefits payable pursuant to the policy of insurance issued by [the

insurer]. *A copy of the [a]ssignment has been previously furnished to the [insurer].*

(emphases added).

In response, the insurer filed a motion to dismiss for lack of standing. The insurer pertinently argued:

> Pursuant to Fla. R. Civ. P. 1.130, the [provider] has an obligation to attach any instruments or documents that give rise to [the] basis for the claim and moreover which give [the provider] legal standing to bring the claim. As of the filing of this lawsuit, the [provider] has failed to attach a valid assignment of benefits to the … [c]omplaint.
>
> Florida Statute § 627.736 [requiring automobile insurance policies to include PIP benefits] allows medical providers to file suit directly against an insurance carrier whenever there is a dispute regarding payment of a medical bill for medical services rendered by [the provider] to the patient. However, Florida law mandates that the medical provider have a valid assignment of benefits at the time it files suit against the [insurer].
>
> In this case the [provider] failed to attach a valid assignment of benefits to the [c]omplaint and therefore does not have standing to bring suit.

(paragraph numbering and internal citation deleted).

The county court held a hearing on the motion. At the hearing, the provider's counsel argued that the provider was not required to have attached to its complaint a copy of the insured's alleged written assignment. The provider's counsel argued that, instead, the provider was permitted to have merely alleged in its complaint the assignment's existence, which allegation must be accepted as true on review of the insurer's motion to dismiss. According to the provider's counsel:

> If [the insurer] want[s] a written assignment of benefits [it] can ask for that in discovery or [it] can move in summary judgment but that is not proper on a motion to dismiss. It's the four corners of the [complaint] and [the provider] would ask that [the court] deny the [insurer's motion to dismiss].

2

At this point, the county court repeatedly asked the provider's counsel whether the provider possessed the insured's written assignment of benefits, as the provider had alleged in the complaint. However, rather than candidly answering the county court's question, the provider's counsel refused to answer on the basis that the provider was not required to have produced any written assignment at this stage of the litigation. Instead, the provider's counsel reiterated, "[I]f [the insurer] want[s] [the written assignment] in discovery[,] I can provide it."

The county court, apparently frustrated by the provider's counsel's lack of candor regarding whether the provider possessed the insured's written assignment of benefits, granted the insurer's motion to dismiss the action with prejudice, followed by a brief written order to that effect.

### *The Parties' Arguments on Appeal*

This appeal followed. The provider summarizes its argument on appeal, in pertinent part, as follows:

> On a motion to dismiss the court must assume all the allegations in the complaint are true. The [c]omplaint sufficiently set forth that the [p]rovider had standing through an equitable assignment and/or written assignment. Florida law is clear that lack of standing is a defense which is [properly] raised in a responsive pleading and should not be considered at the pre-answer stage of litigation.

The insurer summarizes its response as follows:

> Th[is] Court should affirm the county court's [d]ismissal [o]rder in part and … reverse it in part. The Court should affirm the dismissal of the [c]omplaint for failure to allege the basis of [the provider's] standing to sue [the insurer]. And the Court should reverse the dismissal with prejudice.
>
> [The insurer] properly raised the threshold issue of standing in its [m]otion to [d]ismiss, and the county court properly asked [the provider] to clarify its standing—especially in view of the conflicting allegations in the [c]omplaint [regarding whether the assignment was equitable or written].
>
> Based on the limited record in this appeal, the Court does not have to decide now whether [the provider] can demonstrate standing under the PIP [s]tatute through an

3

equitable assignment. But if the Court were to address this issue, it should find that the [s]tatute requires a written assignment of benefits.

The provider replies, in pertinent part, as follows:

The Florida Rules [of Civil Procedure] and [case] law allow for parties to plead inconsistent theories or claims in a complaint which is what was done here. Accordingly, a dismissal WITHOUT prejudice is also inappropriate.

[Further,] [n]owhere in the PIP [s]tatute does it state that a plaintiff is required to attach a written assignment benefits to the complaint. … Of course, an assignment is the basis of a provider's standing to bring a lawsuit altogether and of course an assignment is required to bring and maintain the lawsuit. Had the Florida Legislature intended to require a written assignment be attached to complaint, it would have done so. It is inappropriate to add requirements to the PIP [s]tatute that do not exist.

(internal footnote and citations omitted).

### ***Our Review***

Our review is de novo. *See Burgess v. N. Broward Hosp. Dist.*, 126 So. 3d 430, 433 (Fla. 4th DCA 2013) ("The standard of review of orders granting motions to dismiss with prejudice is de novo."); *Agee v. Brown*, 73 So. 3d 882, 885 (Fla. 4th DCA 2011) ("We review orders of dismissal based on a lack of standing de novo."). We also must accept the complaint's factual allegations as true. *See Schneiderman v. Baer*, 334 So. 3d 326, 330 (Fla. 4th DCA 2022) ("In assessing the adequacy of the pleading of a claim, the court must accept the facts alleged therein as true and all inferences that reasonably can be drawn from those facts must be drawn in favor of the pleader.") (citation omitted).

Applying de novo review—and assuming, as we must, that a written assignment exists as pled in the complaint (regardless of the additional alternative allegation regarding an "equitable assignment")—we agree with the provider's argument that the county court erred in dismissing the provider's complaint with prejudice. We will discuss the three reasons for our reversal below.

4

First, as the insurer properly concedes, the county court erred in dismissing the provider's action "with prejudice" based on the failure to attach to the initial complaint a document which the provider had alleged it possessed. As our sister court has observed:

> As a general matter, trial courts are to give plaintiffs an opportunity to amend the defective pleading, unless it is apparent that the pleading cannot be amended to state a cause of action. *And the failure to attach necessary documents is a remediable offense.*

*Wells Fargo Bank, N.A. v. Bohatka,* 112 So. 3d 596, 601 (Fla. 1st DCA 2013) (emphasis added; internal citation and quotation marks omitted).

Second, as the provider argues, we see nothing in section 627.736, Florida Statutes (2020), which requires an assignee of an insured's PIP benefits to attach to a complaint a copy of the assignment of benefits. Instead, section 627.736 requires that an assignee provide an insurer with a copy of the assignment *before* filing an action for benefits. More specifically, section 627.736(10), Florida Statutes (2020), provides in pertinent part:

> (a)  *As a condition precedent to filing any action for benefits under this section,* written notice of an intent to initiate litigation must be provided to the insurer. ...
>
> (b)  The notice must state that it is a "demand letter under s. 627.736" and state with specificity:
>
> 1.  The name of the insured upon which such benefits are being sought, _including a copy of the assignment giving rights to the claimant if the claimant is not the insured_.

(emphases added). Thus, because section 627.736's plain language does not require an assignee also to attach to a complaint a copy of the assignment of benefits, we are without power to extend section 627.736's express terms to impose such a requirement. *See Hill v. Davis,* 70 So. 3d 572, 575–76 (Fla. 2011) ("Courts are without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power. Thus, if the meaning of the statute is clear then this Court's task goes no further than applying the plain language of the statute.") (citations and quotation marks omitted).

Third, as the provider argues, we see nothing within Florida Rule of Civil Procedure 1.130 (entitled "Attaching Copy of Cause of Action and Exhibits"), or within case law interpreting rule 1.130, requiring an assignee of an insured's PIP benefits to attach to a complaint a copy of the assignment of benefits. Rule 1.130(a) states:

> All bonds, notes, bills of exchange, contracts, accounts, or documents *on which action may be brought or defense made*, or a copy thereof or a copy of the portions thereof material to the pleadings, must be incorporated in or attached to the pleading. No documents shall be unnecessarily annexed as exhibits. The pleadings must contain no unnecessary recitals of deeds, documents, contracts, or other instruments.

(emphases added). "The purpose of [rule 1.130] is to apprise the defendant of the nature and extent of the cause of action so that [it] may plead with greater certainty." *Atallah v. Transworld Bus. Brokers of Fla., LLC*, 297 So. 3d 576, 580 (Fla. 4th DCA 2020) (citation and internal quotation marks omitted).

Here, the provider's complaint apprised the insurer of the nature and extent of the cause of action brought—the insurer's alleged breach of the policy by failing to pay the insured's alleged assigned benefits to the provider. The provider's action is not brought upon the assignment itself—which could have occurred, for example, if the provider had sued the insured for a breach of the assignment.

Thus, although the provider was required to have *alleged* the insured's assignment of benefits to have alleged standing, the provider was not required to have *attached* to its complaint a copy of the insured's alleged written assignment. The existence of the insured's alleged written assignment is more properly addressed through discovery and proof at an evidentiary hearing or trial.

### Case Law Does Not Support Interpreting Rule 1.130 as Requiring Attachment of an Assignment

Surprisingly, despite the presence of assignments in a variety of commerce-based actions, we have located only three Florida cases which have discussed an assignment's attachment to a complaint in the context of a rule 1.130 argument. However, those three cases—which we address briefly below—discussed the assignment only tangentially.

6

*Parkway v. Allstate*

In *Parkway General Hospital, Inc. v. Allstate Insurance Co.*, 393 So. 2d 1171 (Fla. 3d DCA 1981), a circuit court entered a final order dismissing with prejudice a provider's complaint against an insurer based on non-payment of the insured's medical bills.  *Id.* at 1171-72.  The circuit court reasoned that the provider had not attached to its complaint a copy of *the insured's policy*.  *Id.* at 1172.  The Third District reversed the dismissal, reasoning that the provider had alleged it did not possess the policy and would obtain the policy through discovery.  *Id.*  According to the Third District, "[e]ven without that allegation in the complaint, a prejudicial dismissal would have been improper."  *Id.*

In dicta, the Third District mentioned that the provider also had not attached to its complaint a copy of the insured's alleged written assignment.  *Id.*  However, the Third District's opinion does not indicate whether the insurer's motion to dismiss raised that point, or whether the circuit court's dismissal had been based on that point as well.  Instead, our sister court merely stated:

> Consideration of [the insurer's] affirmative defenses or sufficiency of evidence which [the provider] will likely produce on the merits is wholly irrelevant and immaterial to deciding a motion to dismiss.  [*The provider's*] *allegation of assignment … is sufficient to state a cause of action against* [*the insurer*] *as required by Fla. R. Civ. P. 1.110.*

*Id.* at 1172-73 (emphasis added; internal citations omitted).

*Nationstar v. McDaniel*

In *Nationstar Mortgage, LLC v. McDaniel*, 288 So. 3d 1235 (Fla. 5th DCA 2020), a circuit court entered an order dismissing a mortgage servicer's foreclosure action, because the servicer had not attached to its complaint any document supporting its allegation that it was the mortgagee's servicer.  *Id.* at 1236.  The Fifth District reversed the dismissal, reasoning rule 1.130 "only requires that the documents (or copies thereof) on which the action is brought be attached to the complaint; here, those would be the mortgage and note," which had been attached to the complaint.  *Id.* at 1237.  According to the Fifth District, the servicer was "not suing on the servicing agreement or power of attorney"—i.e., documents evidencing the servicer's standing—"thus, those documents need not be attached to the complaint."  *Id.*

7

In dicta, the Fifth District mentioned that the provider also had attached to its complaint a copy of the document assigning the mortgage to the mortgagee. *Id.* However, the Fifth District's opinion does not mention if the dismissal would (or would not) have been proper had the servicer not attached the assignment to the complaint. *Id.* at 1236-37.

### *Jeff-Ray v. Jacobson*

In *Jeff-Ray Corp v. Jacobson*, 566 So. 2d 885 (Fla. 4th DCA 1990)—the case upon which our dissenting colleague primarily relies—a circuit court entered an order denying a defendant's motion to dismiss the plaintiff's foreclosure action. *Id.* at 886. The defendant's motion argued that the plaintiff had failed to state a cause of action. *Id.* We reversed, stating as follows:

> [The plaintiff's] complaint for mortgage foreclosure was filed on January 4, 1988, and alleged an assignment of the subject mortgage to them in 1986. However, it was not attached to the complaint. When the alleged assignment was finally produced, it was dated April 18, 1988, some four months after the lawsuit was filed.
>
> Our opinion in *Safeco Insurance Co. v. Ware*, 401 So. 2d 1129 (Fla. 4th DCA 1981), would support dismissal of the action based on failure to comply with Florida Rule of Civil Procedure 1.130. Given the scenario before us, [the plaintiff's] complaint could not have stated a cause of action at the time it was filed, based on a document that did not exist until some four months later. *Marianna & B.R. Co. v. Maund*, 62 Fla. 538, 56 So. 670 (Fla. 1911). If appellees intend to proceed on the April 18, 1988, assignment, they must file a new complaint.

566 So. 2d at 886.

As shown above, although we cited rule 1.130 in *Jeff-Ray*, we ultimately based our holding not on rule 1.130's plain language or any interpretation of rule 1.130, but on the legal principle of lack of standing when the suit was filed, because the assignment did not exist until after the plaintiff had filed the lawsuit. Thus, any reliance on *Jeff-Ray* would be questionable at best.

To the extent an argument could be made that *Jeff-Ray* requires a plaintiff to attach an assignment to a complaint pursuant to rule 1.130, a counterargument could be made that such a holding was incorrect based

upon its reliance upon *Safeco*. In *Safeco*, the insurer's motion to dismiss or abate argued that the plaintiff's action was based upon the _insurance contract_ which the plaintiff had not attached to his complaint. 401 So. 2d at 1130. The *Safeco* court held that dismissal was appropriate under rule 1.130, which the *Safeco* court characterized as applying to *contracts* "upon which action may be brought or defense made." *Id.* at 1130-31. However, the *Jeff-Ray* court did not provide any reasoning of why it had extended *Safeco* to apply equally to an _assignment_ of contract. For example, the *Jeff-Ray* court did not explain why the assignment was the document "upon which action [was] brought or defense made" under rule 1.130.

An argument also could be made that that *Jeff-Ray* was wrongly decided because it considered facts outside of the complaint's four corners. *See Peterson v. Pollack*, 290 So. 3d 102, 109 (Fla. 4th DCA 2020) ("As with the review of any motion to dismiss, we look only to the four corners of the parents' amended complaint, accept their allegations as true, and view all reasonable inferences arising therefrom in their favor."). By relying upon its knowledge of the post-suit assignment (which likely had been produced in discovery), the *Jeff-Ray* court improperly went outside of the complaint's four corners.

### *Conclusion*

In sum, because of the tangential manner in which *Parkway*, *Nationstar*, and *Jeff-Ray* discussed an assignment's attachment to a complaint in the context of a rule 1.130 argument, we cannot rely on those cases as supporting or weakening our decision in this case. However, at minimum, we can say that our decision here is not inconsistent with *Parkway*, *Nationstar*, or *Jeff-Ray*.

Based on the foregoing, dismissal of the provider's complaint, whether with or without prejudice—and in spite of trial counsel's unprofessional behavior during the motion hearing—was improper. Accordingly, we reverse the county court's dismissal order and remand for the matter to proceed on the provider's complaint as pled.[1]

---

[1] As mentioned above, during the hearing on the insurer's motion to dismiss, the county court repeatedly asked the provider's counsel whether the provider possessed the insured's written assignment of benefits, as the provider had alleged in the complaint. However, rather than answering with a simple "yes," "no," or "I don't know," the provider's trial counsel repeatedly refused to answer on the basis that the provider was not required to have attached the assignment to the complaint. The provider's trial counsel's responses were often sharp, including his final disrespectful response: "I swear, the law is the law, Your

*Reversed and remanded with instructions.*

GROSS, J., concurs.
ARTAU, J., concurs in part and dissents in part with opinion.

ARTAU, J., concurring in part and dissenting in part.

I concur in result because the trial court erred in dismissing this case without providing the plaintiff with an opportunity to amend its complaint. *See Karn v. Coldwell Banker Residential Real Estate, Inc.*, 705 So. 2d 680, 681 (Fla. 4th DCA 1998) ("As a general rule, refusal to allow amendment

---

Honor. *If you want to do whatever you do, fine.* All right, thank you, Your Honor." (emphasis added).

In our opinion, by repeatedly refusing to answer the county court's question regarding whether the provider possessed the insured's alleged written assignment, and by speaking disrespectfully to the county court during the hearing, the provider's trial counsel failed to abide by the Preamble to Chapter 4 of the Rules Regulating the Florida Bar, entitled "A Lawyer's Responsibilities." The Preamble states, in pertinent part:

> A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers, and public officials. While it is a lawyer's duty, when necessary, to challenge the rectitude of official action, it is also a lawyer's duty to uphold legal process.

R. Reg. Fla. Bar., Chap. 4, Preamble.

As the Preamble suggests, the fact that the county court may have erred in its ruling does not excuse the provider's trial counsel's behavior towards the county court. The provider's trial counsel should have directly answered the county court's question regarding whether the provider possessed the insured's alleged written assignment, *as the provider had alleged in the complaint.* Any direct answer would not have prejudiced the provider. More importantly, after the county court's ruling, unlike the provider's trial counsel's disrespectful statement quoted above, counsel's only comment should have been "Thank you, Your Honor."

We do not name the provider's trial counsel in this opinion, as doing so is not in the interest of posterity at this time, nor necessary to convey our concerns to counsel—whom we trust will become aware of this opinion and will govern his future behavior accordingly. However, we use the occasion of this opinion to remind all counsel of the Preamble's admonition to "demonstrate respect for the legal system and for those who serve it."

of a pleading constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party; the privilege to amend has been abused; or amendment would be futile.").

However, I dissent from the majority's interpretation of Florida Rule of Civil Procedure 1.130(a). In my view, the majority's interpretation of the rule conflicts with *Jeff–Ray Corp. v. Jacobson*, 566 So. 2d 885 (Fla. 4th DCA 1990), which held that the failure to attach an assignment "would support dismissal of the action based on failure to comply with Florida Rule of Civil Procedure 1.130." *Id.* at 886.

Rule 1.130 requires that "[a]ll bonds, notes, bills of exchange, contracts, accounts, or documents *on which action may be brought . . .* must be incorporated in or attached to the pleading." Fla. R. Civ. P. 1.130(a) (emphasis added). Accordingly, this case calls for us to determine whether rule 1.130(a) requires an assignee of personal injury protection ("PIP") benefits to attach the assignment of those insurance benefits to its PIP complaint.

The PIP statute provides that a purported assignee has no right to bring a PIP claim without a written assignment. § 627.736(5)(a), Fla. Stat. (2020). Cases interpreting the PIP statute have also uniformly held that a purported assignee has no right to bring a PIP claim under either the PIP statute or the insurance contract in the absence of a written assignment. *See, e.g.*, *Progressive Exp. Ins. Co. v. McGrath Cmty. Chiropractic*, 913 So. 2d 1281, 1285 (Fla. 2d DCA 2005) ("[T]he assignment of PIP benefits is not merely a condition precedent to maintain an action on a claim held by the person or entity who filed the lawsuit. Rather, it is the basis of the claimant's standing to invoke the processes of the court in the first place."); *Hartford Ins. Co. of the Se. v. St. Mary's Hosp., Inc.*, 771 So. 2d 1210, 1212 (Fla. 4th DCA 2000) (a PIP claim cannot be brought in the absence of the statutorily required written assignment of benefits without which an assignee lacks "standing to bring suit against [the insurer] pursuant to Florida's No Fault law or the insurance contract between [the insurer] and the insured motorist").

The plaintiff argues that because section 627.736(5)(a), Florida Statutes (the PIP statute), does not require an assignee to attach a copy of the assignment of benefits to a complaint, we are without power to extend section 627.736's express terms to impose such a requirement. But this argument ignores the fundamental separation of powers provided by our constitutional system of government. *See* Art. II, § 3, Fla. Const. ("The powers of the state government shall be divided into legislative, executive and judicial branches."). While the legislative branch can impose the

requirement that an assignment of PIP benefits must be in writing—as it did in the PIP statute—it is up to the judicial branch to establish procedural rules imposing the requirement that the writing be attached to a complaint—as it did in Florida Rule of Civil Procedure 1.130(a).

Rule 1.130(a) was amended in 1992. *In re Amendments to Fla. R. Civ. P.*, 604 So. 2d 1110 (Fla. 1992). At the time of the rule's amendment, an "*action*" was defined at law as "[t]he *legal and formal demand of one's right* from another person or party made and insisted on in a court of justice." *Black's Law Dictionary* (6th ed. 1990) (emphasis added). Moreover, at the time of the rule's amendment, we had already construed the rule to require attachment of an assignment. *Jeff–Ray*, 566 So. 2d at 886. Yet, the rule was not amended to exclude a contractual assignment from the enumerated documents that must be attached to an action at law. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 322 (2012 ed.) (discussing the prior-construction canon, in which an amendment without modifying a prior authoritative construction is to be understood according to that construction).

Since an "action" consists of a "legal and formal demand of one's right," the plain meaning of rule 1.130(a) requires the attachment of the assignment as a document "on which [such] action may be brought" because it is the essential document on which the assignee has the "right" to make "legal and formal demand" against the insurer for payment of the assigned PIP benefits. *See City of Parker v. State*, 992 So. 2d 171, 176 (Fla. 2008) (holding that if the language we are interpreting is clear, it must be given its plain meaning).

Therefore, while I concur in result because the plaintiff should have been given an opportunity to amend the complaint, I respectfully dissent from the majority's interpretation of Florida Rule of Civil Procedure 1.130(a).

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***

12