MONACO, J.
Petitioner, State Farm Florida Insurance Company, seeks certiorari review of a final order entered by the appellate division of the Seventh Judicial Circuit Court, for Volusia County, Florida. The circuit court’s order affirmed a county court order that denied State Farm’s motion to compel an appraisal in connection with a claimed loss covered by a homeowner’s insurance policy issued by State Farm. Because the circuit court relied upon an administrative rule implementing the relevant statute that improperly expanded the scope of the statute, we grant certiorari relief.
The facts are not contested. A homeowner, Mr. Hinchman, who was the insured under the homeowner’s policy issued by State Farm, suffered water damage in his home as a result of a plumbing leak. State Farm provided coverage for the loss. Mr. Hinchman hired respondent, Unlimited Restoration Specialists, Inc., to perform remediation, disinfection, drying, and related work at the insured’s premises. The contract that Mr. Hinchman had with Unlimited Restoration required Unlimited Restoration to provide these services, and also assigned Mr. Hinchman’s rights under the insurance policy to it. Unlimited Restoration estimated the cost of repair to be $1,827.00, and billed State Farm for services rendered. State Farm, however, estimated the cost of repair at about $800, and did not pay the bill. Rather, it mailed a check for the lower amount to Unlimited Restoration and advised Mr. Hinchman that the check had been mailed. The check was subsequently refused.
State Farm then informed Mr. Hinch-man of his right to participate in the property insurance mediation program established by statute and implemented by the Department of Financial Services to aid in the resolution of just such controversies. The letter stated:
Based upon the review of the work performed and the water extraction charge being invoiced, no additional payment will be made for the water extraction services performed at your home by Unlimited Restoration. If you or Unlimited Restoration, who has obtained an assignment of benefits from you, disagree with our payment for the water extraction services completed and you, or Unlimited Restoration, do not elect your option to demand mediation (as discussed later in the letter) we hereby demand appraisal to resolve the issue of the amount of loss.
The letter went on to provide information about the mediation process, and with abundant clarity stated that State Farm was not requesting mediation.
Shortly thereafter, Unlimited Restoration agreed to participate in the mediation program. The mediation, however, im-passed. State Farm then sent a second letter demanding appraisal in accordance with the insurance contract. Unlimited Restoration, filed suit instead.
*393 State Farm immediately moved to dismiss the complaint or to compel appraisal pursuant to the contract terms that made appraisal the compulsory means of resolving disputes over amounts of loss upon written demand by either party. Unlimited Restoration argued in its response that by State Farm participating in the mediation process it had waived its right to demand appraisal under the policy. In the view of Unlimited Restoration, section 627.7015(7), Florida Statutes (2008), rendered the appraisal provision void after an unsuccessful mediation. Section 627.7015 reads in pertinent part as follows:
(2) At the time a first-party claim within the scope of this section is filed, the insurer shall notify all first-party claimants of their right to participate in the mediation program under this section ....
(7) If the insurer fails to comply with subsection (2) by failing to notify a first-party claimant of its right to participate in the mediation program under this section or if the insurer requests the mediation, and the mediation results are rejected by either party, the insured shall not be required to submit to or participate in any contractual loss appraisal process of the property loss damage as a precondition to legal action for breach of contract against the insurer for its failure to pay the policyholder’s claims covered by the policy.
Unlimited Restoration relied in support of its position principally upon Rule 69B-166.031(10)(c), Florida Administrative Code.[1] That rule stated that:
If the insured decides not to participate in this program or if the parties are unsuccessful at resolving the claim, the insured may choose to proceed under the appraisal process set forth in the insured’s insurance policy or by litigation, or by any other dispute resolution procedure available under Florida law.
The county court, agreeing -with Unlimited Restoration, denied State Farm’s motion to dismiss, and State Farm appealed to the circuit court. The circuit court affirmed the denial of the motion to dismiss or compel appraisal after examining section 627.7015 and the rule. State Farm now seeks second-tier certiorari in this court.
In conducting a “second-tier” review a district court of appeal must determine whether the circuit court afforded procedural due process and whether it applied the correct law. See Broward County v. G.B.V. Intern., Ltd., 787 So.2d 838, 843 (Fla.2001). A district court should grant second-tier certiorari “only when there has been a violation of a clearly established principle of law resulting in the miscarriage of justice.” Wekiva Springs Reserve Homeowners v. Binns, 61 So.3d 1190, 1191 (Fla. 5th DCA 2011) (emphasis *394 added) (quoting Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086, 1092 (Fla.2010). We note that our sister court in the third district in United Auto. Ins. Co. v. Santa Fe Medical Center, 21 So.3d 60 (Fla. 3d DCA 2009), granted certiorari review under somewhat similar circumstances because it concluded that: (1) the circuit court appellate division incorrectly interpreted and applied [the statutes]; (2) the circuit court’s interpretation and application of the applicable statutes were a departure from the essential requirements of law; and (3) the circuit court’s decision established a rule of general application for future county court cases, exacerbating the effect of the circuit court appellate panel’s legal error. Id. at 63; see also Yankey v. Dep’t of Hwy. Safety and Motor Vehicles, 6 So.3d 633 (Fla. 2d DCA 2009). Using these criteria, we conclude that certiorari review is appropriate for the present case, as well.
Section 627.7015 contemplates a waiver of the appraisal process by the insurer under two conditions. The first occurs if the insurer fails to notify a first-party claimant of its right to participate in the mediation program under this section. The second occurs if the insurer requests the mediation, and the mediation results are rejected by either party. Here, State Farm quite clearly notified the homeowner (and inferentially, his assignee) in writing of his right to participate in mediation and, equally clearly, State Farm did not request mediation. Thus, a reading of the statute leads to the conclusion that State Farm is entitled to enforce its appraisal rights under the contract. The statute does not address a circumstance where the insured requests mediation and the parties fail to reach an agreement. That was the interstitial space that the rule sought to fill. There was, however, no statutory authority to underpin that part of the rule.
The county court and the circuit court read the portion of the rule that said that if the parties are not successful at mediation, “the insured may choose to proceed under the appraisal process set forth in the insured’s insurance policy or by litigation. ...” That reading of the rule led the lower courts to reason that the insured could proceed directly to litigation without first undertaking the appraisal process that was demanded by the insurer. The result arrived at by the circuit and county courts might be justified except that it is at odds with the plain language of the statute.
The rule modified and enlarged the statute when it allowed the insured the choice of how to proceed following an unsuccessful mediation that the insured, itself, requested. That option is simply not contained within the statute. The statute only contemplates a waiver of appraisal when the insurer fails to notify the insured of the right to mediation, or the insurer itself requests mediation and mediation is unsuccessful. Neither of those conditions occurred here. Courts must not “defer to an agency’s construction or application of a statute ... if the agency’s interpretation conflicts with the plain and ordinary meaning of the statute.” Florida Hosp. v. Agency for Health Care Admin., 823 So.2d 844, 848 (Fla. 1st DCA 2002). Concomitantly, an administrative rule may not enlarge, modify or contravene the provisions of a statute. Willette v. Air Products, 700 So.2d 397, 401 (Fla. 1st DCA 1997) (quoting State, Dep’t of Bus. Regulation v. Salvation Ltd., Inc., 452 So.2d 65, 66 (Fla. 1st DCA 1984)). In the present case the rule, as interpreted by the lower courts, was wrong. State Farm is entitled to enforce the appraisal provisions under the contract of insurance that it issued.
Section 627.7015(1), Florida Statutes, sets forth the purpose and scope of the *395 statute. After outlining the benefits of mediation in advance of an adversarial process, it includes this provision:
This section is available with respect to claims under personal lines and commercial residential policies for all claimants and insurers prior to commencing the appraisal process, or commencing litigation.
(Emphasis added). Thus, the legislature clearly intended the mediation process simply to be an additional step, and otherwise not to interfere with the contract rights of the parties, except where the insurer fails to notify the policy holder of the right to mediation, or except where the insurer requests mediation and there is a subsequent impasse, as indicated in subsection (7). Otherwise the insurance contract is fully enforceable. Indeed, the fourth district upheld the constitutionality of the statute in Florida Ins. Guar. Ass’n, Inc. v. Devon Neighborhood Ass’n, Inc., 33 So.3d 48, 53 (Fla. 4th DCA 2009), decision quashed, 67 So.3d 187 (Fla.2011),[2] primarily because it did not interfere with the private contract except in a “minimal way.” It pointed out, in addition, that “[mjediation in advance of the (appraisal) process could substantially reduce costs.” Id.
Accordingly, we grant the petition for certiorari and remand for further consideration consistent with this opinion.
PETITION FOR CERTIORARI GRANTED.
GRIFFIN and LAWSON, JJ., concur.

. Fighting through the quagmire of rules associated with the rulings in this case is no easy task. The county court relied on Rule 69B-166.031(10)(c), Florida Administrative Code, while the circuit court relied on Rule 690-166.031(10)(c), Florida Administrative Code. The language from the two separate rules relied upon by each court, however, is identical, although it should be noted that 69B-166.031, Florida Administrative Code, no longer exists. In September 2008, Rule 69B-166.031 was transferred to Rule 69J-166.031. In 2009, when the water damage and mediation issue arose in the present case, Rule 69J-166.031 was almost identical to Rule 690-166.031, and both rules included the language relied upon by the lower courts and quoted in the main body of this opinion concerning what happens when an insured "decides not to participate in this program or if the parties are unsuccessful at resolving the claim.” Oddly, in September 2009, Rule 69J-166,031 was amended by the elimination of that language. Rule 690-166.031, however, was not similarly amended.

. The Florida Supreme Court quashed the fourth district’s decision because it misapplied the test for retroactivity.