KELLY, Judge.
First Protective Insurance Company (“FPIC”) appeals from the order granting a partial summary judgment in favor of the Schneider Family Partnership (“Schneider”) and denying FPIC’s motion to compel an appraisal under a homeowner’s insurance policy.[1] We reverse.
Schneider filed a claim with its insurer, FPIC, to recover for damages its property sustained during Hurricane Wilma. FPIC *1117 acknowledged Schneider’s policy covered the loss; however, the parties could not agree on the amount of damages. Consequently, FPIC invoked the appraisal provision in the insurance contract. Prior to completion of the appraisal process, and after an unsuccessful attempt at mediation, Schneider sued FPIC seeking damages for breach of contract and bad faith. Schneider also sought a declaratory judgment that FPIC was not entitled to an appraisal. FPIC moved to dismiss the action citing a policy provision stating that no lawsuit could be filed against it until the insured had complied with all policy conditions, including appraisal. The trial court denied, in part, FPIC’s motion to dismiss, abated the action, and ordered the parties to complete the appraisal process.
For the purposes of this appeal we do not need to detail the procedural jockeying that followed the court’s order to complete the appraisal process. The upshot was that the appraisal process was never completed, the litigation resumed, and FPIC, still attempting to assert its right to an appraisal, moved for summary judgment arguing it was contractually entitled to an appraisal as a condition precedent to Schneider’s suing. It also renewed a prior motion to compel an appraisal and alleged that the parties’ dispute was not related to coverage but rather to the cause and amount of damage. Schneider responded with its own motion for summary judgment on its claim for declaratory relief asserting that under section 627.7015(7), Florida Statutes (2005), and Florida Administrative Code Rule 69J-2.003(10) (2005)[2], it was not required to participate in an appraisal because only an insured can choose appraisal after an unsuccessful mediation.
The trial court agreed with Schneider’s interpretation of section 627.7015 and rule 69J-2.003(10) and denied FPIC’s amended motion for summary judgment and renewed motion to compel an appraisal. On appeal, FPIC argues that in granting Schneider declaratory relief, the trial court erred by relying on an administrative rule that not only improperly expands the express language of the statute but deprives it of its right to an appraisal under the contract. We agree.
Section 627.7015 provides an alternative procedure for resolution of disputed property insurance claims. Fla. Ins. Guar. Ass’n v. Devon Neighborhood Ass’n, 67 So.3d 187 (Fla.2011). The purpose of the statute is to use mediation to resolve insurance claim disputes before resorting to the appraisal process or litigation. § 627.7015(1). Under the version of the statute in effect when the parties entered into the contract, the insured was not required to submit to an appraisal before suing the insurer if the insurer requested mediation and the results of the mediation were rejected by either party. § 627.7015(7). Here, the record shows that Schneider, not FPIC, requested mediation. Because the statute does not address a situation where the insured requests mediation and the parties cannot reach an agreement, we conclude that under the statute FPIC is entitled to pursue an appraisal pursuant to the terms of the contract.
In holding otherwise, the court relied on rule 69J-2.003(10) which states that, if an insured chooses not to participate in mediation or if the mediation is unsuccessful, the “insured may choose to proceed under the appraisal process set forth in the insured’s insurance policy, by litigation, or any other dispute resolution procedure available under Florida law.” *1118 We adopt the reasoning of the Fifth District in State Farm Florida Insurance Co. v. Unlimited Restoration Specialists, Inc., 84 So.3d 390 (Fla. 5th DCA 2012), that reliance on such an administrative rule is error in that it improperly modifies and expands section 627.7015 by providing the insured with an option to resolve disputed property insurance claims not envisioned by the statute. See id. at 394-95 (holding that section 627.7015 only contemplates a waiver of an appraisal when an insurer fails to notify its insured of the right to mediation or when the insurer itself requests mediation and the mediation is unsuccessful); see also Johnson v. Nationwide Mut. Ins. Co., 828 So.2d 1021 (Fla.2002) (holding that when an insurer admits there is a covered loss, the amount of which is disputed, the amount of the loss is a question for an appraisal panel).
Because the insurance contract provided for the appraisal process and FPIC did not waive its right to an appraisal under the relevant statute, the trial court erred in entering summary judgment for Schneider and in denying FPIC’s renewed motion to compel the appraisal. Accordingly, we reverse. On remand, the trial court is directed to grant FPIC’s motion and compel the appraisal.
Reversed and remanded for further proceedings consistent with this opinion.
WHATLEY and MORRIS, JJ., Concur.

. This court has jurisdiction to review such an order under Florida Rule of Appellate Procedure 9.130(a)(3)(c)(iv) (providing for the appeal of nonfinal orders determining the right to an appraisal).

. Florida Administrative Code Rule 69J-2.003 was repealed effective May 20, 2009.