IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

UNITED WATER
RESTORATION GROUP, INC.,
a/a/o ORAN WALKER,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

     Petitioner,

CASE NO. 1D14-3797

v.

STATE FARM FLORIDA
INSURANCE COMPANY,

     Respondent.

_____/

Opinion filed July 8, 2015.

Petition for Writ of Certiorari—Original Jurisdiction.

Susan W. Fox of Fox & Loquasto, P.A., Orlando; Isabel Arias, of Cohen Battisti, Winter Park, for Petitioner.

Scot E. Samis of Traub Lieberman Straus & Shrewberry LLP, St Petersburg, for Respondent.

MAKAR, J.

     United Water Restoration Group, Inc., asks that we exercise our authority to reinstate its complaint against State Farm Florida Insurance Company, which was dismissed by the county court in an order affirmed by the circuit court. According to the complaint, the home of Oran Walker—insured by State Farm—was damaged by water in 2012. Walker entered into a remediation contract with United Water to repair

the damage, executing a written assignment of "any and all insurance rights, benefits and proceeds" from his State Farm policy to United Water. After State Farm refused to pay the $2,744.64 bill that United Water submitted, the latter sued the former for breach of contract, alleging that United Water was an assignee of Walker's rights and benefits. Attached to the complaint were copies of the assignment and United Water's bill.

State Farm moved to dismiss and for summary judgment, contending that it had notified Walker it was denying coverage because an inspection of the home showed the damage was consistent with "repeated leakage and seepage, mold, rot, and decay, which are all specifically excluded under the policy." It argued that the duty to satisfy the conditions of coverage remained solely with Walker, who was required to contest in court the denial of coverage, not United Water.

After a hearing, the county court ruled that the "question of coverage pursuant to the policy is one which the named Insured must bring before this Court and thus, Plaintiff, United Water Restoration Group, Inc. as assignee cannot pursue the claim before the Court." The court granted State Farm's motion to dismiss, a ruling affirmed by the circuit court in a per curiam affirmed opinion. United Water petitions for relief via certiorari in this Court.

As an initial matter, we have jurisdiction to review a circuit court's per curiam affirmance of a county court's final order. Fla. R. App. P. 9.030(b)(2)(B); see also Rich

2

v. Fisher, 655 So. 2d 1149, 1150 (Fla. 5th DCA 1995) ("[c]ounty court litigants . . . are not precluded from seeking review in the district court of appeal when the circuit court affirms without opinion, nor are they limited by Article V [of the Florida Constitution].""). See, e.g., State Farm Mut. Auto. Ins. Co. v. Edge Fam. Chiropractic, P.A., 41 So. 3d 293, 294 (Fla. 1st DCA 2010) (addressing circuit court order that consolidated three cases from county court and per curiam affirmed). In this second-tier certiorari proceeding, we must determine whether procedural due process was afforded and whether the correct law was applied. State Farm Fla., Ins. Co. v. Unlimited Rest. Specialists, Inc., 84 So. 3d 390, 393 (Fla. 5th DCA 2012). Relief is appropriate "only when there has been a violation of a clearly established principle of law resulting in the miscarriage of justice." Id. (internal citations and quotations omitted).

Relief for United Water is warranted for two reasons. First, due process was not afforded because the county court granted the motion to dismiss by going beyond the four corners of the complaint. See Nevitt v. Bonomo, 53 So. 3d 1078, 1081 (Fla. 1st DCA 2010). In effect, the dismissal order was based on State Farm's defense that coverage under its policy was unavailable, a ruling that went beyond whether United Water's complaint stated a claim. See Wilson v. Cnty. of Orange, 881 So. 2d 625, 629 (Fla. 5th DCA 2004) ("Dismissal should not be granted on the basis of an affirmative defense, except when the face of the complaint is sufficient to demonstrate the

3

existence of that defense."); Parkway Gen. Hosp., Inc. v. Allstate Ins. Inc., 393 So. 2d 1171, 1172 (Fla. 3d DCA 1981) ("The purpose of a motion to dismiss is to ascertain if plaintiff has alleged a good cause of action, and the court must confine itself strictly to allegations within the four corners of the complaint. Consideration of defendant's affirmative defenses or sufficiency of the evidence which plaintiff will likely produce on the merits is wholly irrelevant and immaterial to deciding a motion to dismiss."). As a defense, whether Walker's loss was covered under the State Farm policy is a disputed factual issue for later consideration.

Second, dismissal of United Water's complaint violated the clearly established principles of law that an assignee of post-loss insurance benefits can sue for breach of such benefits. See Nationwide Mut. Fire Ins. Co. v. Pinnacle Med., Inc., 753 So. 2d 55, 57 (Fla. 2000) ("The right of an assignee to sue for breach of contract to enforce assigned rights predates the Florida Constitution."); see also Security First Ins. Co. v. Dep't of Fin. Servs., 40 Fla. L. Weekly D1449a (Fla. 1st DCA June 22, 2015) (post-loss insurance claims are freely assignable without the consent of the insurer). The assignee stands in the shoes of the assignor and is able to maintain suit in its own name as the real party in interest, "that is the person in whom rests by substantive law, the claim to be enforced." Weiss v. Johnsen, 898 So. 2d 1009, 1011 (Fla. 4th DCA 2005) (internal citations omitted); see also Parkway Gen. Hosp., 393 So. 2d at 1172 ("Allstate contends that a provider of medical services does not have a direct cause of action

4

against the insurer of a patient for benefits payable to the patient . . . [t]his argument has no application where there is an assignment of benefits by the insured to a third party." (citations omitted)). Thus, the county court's ruling, affirmed by the circuit court, that only the policy holder may sue to determine the coverage issue is incorrect under clearly established principles of law. See, e.g., State Farm Fire & Cas. Co. v. Ray, 556 So. 2d 811, 813 (Fla. 5th DCA 1990) ("An assignee may enforce payments or the enforcement of an obligation due" under a policy.).

Clearly established law permits United Water to bring suit to seek recovery under the State Farm policy, and if necessary, seek a coverage determination. The dismissal order had the harsh effect of barring United Water's enforcement of its bargained-for right to pursue assigned benefits, which amounts to a miscarriage of justice.

Petition GRANTED, and order QUASHED.

WOLF, and OSTERHAUS, JJ., CONCUR.