IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RESTORATION 1 CFL A/A/O I. JOY WHITE,

     Appellant,

v.                                                                          Case No.  5D15-1049

STATE FARM FLORIDA INSURANCE
COMPANY,

     Appellee.

_____/

Opinion filed April 22, 2016

Appeal from the Circuit Court
for Orange County,
Janet C. Thorpe, Judge.

Susan W. Fox and Gray R. Proctor, of Fox
& Loquasto, P.A., Orlando, and T. Paul
Zeniewicz, of Cohen Battisti Grossman,
Winter Park, for Appellant.

Scot E. Samis, of Traub, Lieberman, Straus
& Shrewsberry LLP, St. Petersburg, for
Appellee.


PER CURIAM.


     Restoration 1 CFL ("Restoration"), a/a/o I. Joy White ("White"), appeals the trial

court's order granting final summary judgment on behalf of State Farm Florida

Insurance Company ("State Farm").  State Farm contends that the assignment of

benefits from White to Restoration transferred the right to collect benefits but not the

right to participate in a suit to determine coverage under the policy regarding those benefits. The trial court determined that the assignment was not valid because White intended to retain control of her rights, basing its conclusion largely upon statements made by White during a deposition. For the following reasons, we reverse.

First, we conclude that the assignment of benefits from White to Restoration is clear and unambiguous. Therefore, it was error to allow introduction of extrinsic evidence to determine the meaning of the agreement. See, e.g., King v. Bray, 867 So. 2d 1224, 1226 (Fla. 5th DCA 2004) ("[T]he party seeking to introduce parol evidence must establish that the document is ambiguous and in need of interpretation."). Accordingly, White's deposition testimony regarding her interpretation of the assignment should not have been considered by the trial court.

We further conclude that the assignment of insurance benefits transferred to the assignee, Restoration, standing to litigate the coverage issue raised by State Farm when it denied the claim. See Bioscience W., Inc. v. Gulfstream Prop. & Cas. Ins. Co., 185 So. 3d 638, 641 (Fla. 2d DCA 2016); United Water Restoration Grp., Inc. v. State Farm Fla. Ins. Co., 173 So. 3d 1025, 1026 (Fla. 1st DCA 2015). Because Restoration had standing to participate in the suit to determine coverage under the policy for the benefits assigned, it was error for the trial court to grant State Farm's motion for summary judgment. We therefore reverse and remand this case for further proceedings consistent with this opinion.

REVERSED and REMANDED.

SAWAYA, COHEN and LAMBERT, JJ., concur.