DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TOTAL CARE RESTORATION, LLC** a/a/o **ANNIE GRIFFITHS,**
Appellant,

v.

**CITIZENS PROPERTY INSURANCE CORPORATION,**
Appellee.

No. 4D21-798

[April 20, 2022]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Mardi Levey Cohen, Judge; L.T. Case No. COCE-19-023855.

Michael D. Redondo of Redondo Law P.A., Miami, for appellant.

Maureen G. Pearcy of Paul R. Pearcy, P.A., Miami, for appellee.

GROSS, J.

We address the question of whether the 10-day notice requirement of section 627.7152(9)(a), Florida Statutes (2019), applies to an assignment of insurance benefits executed after the effective date of the statute, even where the underlying policy was issued before that effective date. We hold that the statute applies to an assignment of benefits executed after the effective date of the statute.

The insured suffered a water loss at her home on June 10, 2018. Over one year later, on July 16, 2019, she assigned her insurance benefits to appellant Total Care Restoration, LLC, which performed water dryout services on the property.

On September 26, 2019, Total Care emailed appellee Citizens Property Insurance Corporation, claiming insurance benefits under the assignment. Citizens denied the claim on September 30, 2019.

Total Care then filed a complaint seeking a declaration that the work performed was covered under the policy.

Citizens answered the claim and raised various affirmative defenses, including Total Care's failure "to provide a Notice of Intent to File a Lawsuit at least ten days prior to filing the instant suit." Total Care asserted that the pre-suit notice was not required in this case because the insurance policy was issued prior to the enactment of the statute in question.

Citizens moved for summary judgment, which the trial judge granted. The court observed that the legislature made clear that the new statutory requirements for assignments of benefits under section 627.7152 applied to all assignments executed on or after July 1, 2019.

## *Discussion*

Section 627.7152, Florida Statutes, was enacted by the Florida legislature in 2019 to regulate assignment agreements that seek to transfer insurance benefits from the policyholder to a third party.[1] The statute provides that it applies to assignment agreements "executed on or after July 1, 2019." § 627.7152(13), Fla. Stat. (2019). Significant to this case, subsection 627.7152(9)(a) provides:

> An assignee **must** provide the named insured, insurer, and the assignor, if not the named insured, **with a written notice of intent to initiate litigation before filing suit under the policy.** Such notice must be served by certified mail, return receipt requested, or electronic delivery at least 10 business days before filing suit, but may not be served before the insurer has made a determination of coverage under s. 627.70131. **The notice must specify the damages in dispute, the amount claimed, and a presuit settlement demand.** Concurrent with the notice, and as a precondition to filing suit, the assignee must provide the named insured, insurer, and the assignor, if not the named insured, a detailed written invoice or estimate of services, including itemized information on equipment, materials, and supplies; the number of labor hours; and, in the case of work performed, proof that the work has been performed in accordance with accepted industry standards.

---

[1] The final bill analysis states that the statute "addresses the abuse of post-loss [assignment of benefits] for property insurance claims" by "[e]stablishing requirements for the execution, validity, effect, and rescission of an [assignment of benefits]" and "[t]ransferring certain pre-lawsuit duties under the insurance contract to the assignee," among other things. *See* Fla. H.R. Subcomm. on Civ. Just., CS/CS/HB 7065 (2019), Final Staff Analysis (May 28, 2019).

§ 627.7152(9)(a), Fla. Stat. (2019) (emphasis supplied).

Contrary to Total Care's argument, the statute was not applied retroactively—the trial court applied it to an assignment executed after the effective date of the statute. The assignment itself tracks verbatim much of the statutory language contained in section 627.7152, evidencing the parties' acknowledgement of the statute's application to the July 16, 2019 assignment of benefits.

Total Care acquired no interest in the claim until the assignment was executed. It is only when the assignment was executed that Total Care stood in the shoes of the assignor, "able to maintain suit in its own name as the real party in interest." *QBE Specialty Ins. Co. v. United Reconstruction Grp., Inc.*, 325 So. 3d 57, 60 (Fla. 4th DCA 2021) (quoting *United Water Restoration Grp., Inc. v. State Farm Fla. Ins. Co.*, 173 So. 3d 1025, 1027–28 (Fla. 1st DCA 2015)).

Total Care relies on *Menendez v. Progressive Express Insurance Co.*, 35 So. 3d 873, 876 (Fla. 2010), but that case is inapplicable because it did not involve an assignment of benefits, so it did not address the question presented here: whether a subsequent contract, the assignment of benefits under an insurance policy, is subject to the notice requirements of an earlier enacted statute.[2]

*Menendez* held that an amendment to the PIP statute requiring pre-suit notice could not be applied in a case arising from an insurance policy that was issued before the amendment became effective. *Menendez* recognized that "the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract." *Id.* at 876 (quoting *Hassen v. State Farm Mut. Auto. Ins. Co.*, 674 So. 2d 106, 108 (Fla. 1996)).

This case does not involve the application of a statute to a preexisting insurance policy; it concerns a statute's application to an assignment created after the effective date of the statute. Thus, section 627.7152— the law in effect at the time the assignment of benefits was executed—was properly applied to the assignment in this case.

---

[2] Although this Court recently relied on *Menendez* in *Water Damage Express, LLC v. First Protective Insurance Co.*, No. 4D21-618, 2022 WL 791050 (Fla. 4th DCA Mar. 16, 2022), that case involved an assignment of benefits entered into *before* the effective date of the statute.

Total Care looks to *CMR Construction & Roofing, LLC v. Hartford Insurance Co. of the Midwest*, No. 19-CV-81610, 2020 WL 264671 (S.D. Fla. Jan. 17, 2020), and *JPJ Companies, LLC v. Hartford Insurance Co. of the Midwest*, No. 19-CV-81696, 2020 WL 264673 (S.D. Fla. Jan. 17, 2020), but those cases do not control. The two cases do not mention whether the assignments there at issue were executed after the effective date contained in section 627.7152(13) or whether the assignments referenced and tracked the statute.

Because we hold that section 627.7152(9)(a) was not retroactively applied to the assignment, we do not reach the question of whether the statute is procedural or substantive. *See Massey v. David*, 979 So. 2d 931, 936–37 (Fla. 2008).

*Affirmed.*

MAY and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***